UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REVERSE MORTGAGE FUNDING, LLC     CIVIL ACTION

v.     NO. 18-9283

MARK R. SIMMONS, JUDITH S.
SIMMONS, and HOUSING AND
URBAN DEVELOPMENT SECRETARY     SECTION "F"

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the third-party defendant's motion to dismiss the defendants' third-party claims under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), noticed for submission on October 31, 2018, have been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] On June 14, 2018, Reverse Mortgage Funding, LLC ("RMF") sued Mark Simmons, Judith Simmons, and the Secretary of Housing and Urban Development in Louisiana state court, seeking reformation of two mortgages affecting real estate owned by the Simmonses. Two months later, on August 7, 2018, the Simmonses filed a responsive pleading, in which they asserted a reconventional demand against RMF and third-party demands against Wright National Flood Insurance Company ("Wright") and FNC Title Services, LLC. Thereafter, on October 5, 2018, Wright removed the action to this Court, invoking federal question jurisdiction. In its Notice of Removal, Wright, a Write-Your-Own Program carrier participating in the National Flood Insurance Program pursuant to the National Flood

1

Insurance Act, stated that the third-party plaintiffs demand a refund of premiums paid in connection with a Standard Flood Insurance Policy, and that such premiums constitute federal funds.

Third-party defendant Wright now seeks to dismiss the third-party claims filed against it by Mark and Judith Simmons because of insufficient process and service of process and because the Simmonses assert claims against Wright that are preempted by federal law.

Wright contends that the "process" it received originally named the improper party – "Wright Title Insurance Company" – and that someone had altered the process by marking through the word "Title" and writing the word "Flood" above it. Accordingly, Wright submits that the third-party claims should be dismissed due to insufficient process and service of process under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). "A motion to dismiss under Rule 12(b)(4) requires the defendant to establish insufficient process under Rule 4." Hoffman v. Bailey, 996 F. Supp. 2d 477, 481 (E.D. La. 2014) (Zainey, J.). Rule 12(b)(5) provides for dismissal if process was not served in the proper manner. See Thomas v. New Leaders for New Sch., 278 F.R.D. 347, 349-50 (E.D. La. 2011) (Africk, J.) (citations omitted). "[W]here the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party – a party not named in the summons – has been served." Gartin v. Par Pharm. Cos., Inc., 289 Fed. App'x 688, 691 n.3 (5th Cir. 2008). However, with respect to both rules, "'service generally will be quashed and the action preserved,' where there is 'a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.'" Williams v. Waffle House, No. 10-00357-JJB-DLD, 2010 WL 3418257, at *1 (M.D. La. Aug. 26, 2010) (quoting 5A C. Wright & Miller, Federal Practice and Procedure § 1353 (2d ed. 2002)).

Wright further contends that the third-party claims should be dismissed under Rule 12(b)(6) because they are preempted by the National Flood Insurance Act. The third-party plaintiffs, Wright submits, complain that they paid premiums for a Standard Flood Insurance Policy that "effectuated no protection," and they demand a refund of all such premiums paid and seek to recover state law extra-contractual damages. Fifth Circuit precedent instructs that "the NFIA preempts claims-handling causes of action and claims." Spong v. Fid. Nat'l Prop. & Cas. Ins. Co., 787 F.3d 296, 306 (5th Cir. 2015). According to the Fifth Circuit, "[t]he key factor to determine if an interaction with an insurer is 'claims handling' is the status of the insured at the time of the interaction . . . . If the individual is already covered . . . the interactions

2

IS ORDERED: that the motion to dismiss filed by third-party defendant Wright National Flood Insurance Company is GRANTED as unopposed, and the third-party claims against Wright are hereby dismissed.

New Orleans, Louisiana, October 29, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

between the insurer and insured . . . are 'claims handling' subject to preemption." Id. (quoting Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 401 (5th Cir. 2012)). For example, in Grissom v. Liberty Mutual Fire Insurance Co., the Fifth Circuit held that an insured's negligent misrepresentation claim was preempted by the NFIA because it concerned the insurer's negligence with respect to a policy that was already in place. 678 F.3d at 401. Wright contends that, here, the third-party plaintiffs similarly assert claims relating to Wright's failure to refund premiums for an SFIP that was already in place. Accordingly, under Grissom, this dispute involves claims-handling, which is preempted by the NFIA.

The third-party plaintiffs fail to challenge Wright's contentions, and notably have not requested leave to amend their third-party demand. Because the third-party plaintiffs appear to assert claims-handling – rather than policy-procurement – claims, dismissal of the third-party claims against Wright is appropriate.